11-1489-cv
General v. Center for Disability Rights

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

---

MELISSA GENERAL,
> *Plaintiff-Appellant*,

-v-                                                     No. 11-1489-cv

CENTER FOR DISABILITY RIGHTS,
> *Defendant-Appellee*.

---

> CHRISTINA A. AGOLA, Christina A. Agola, PLLC, Rochester, New York, for *Plaintiff-Appellant*.
>
> ROBERT G. McCARTHY (Matthew J. Fusco, *on the brief*), Chamberlain, D'Amanda, Oppenheimer & Greenfield LLP, Rochester, New York, for *Defendant-Appellee*.

Appeal from the United States District Court for the Western District of New York

(Telesca, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 12, 2011, is AFFIRMED.

Plaintiff-Appellant Melissa General ("Appellant") appeals from the District Court's grant of summary judgment pursuant to Fed. R. Civ. P. 56. Appellant contends principally that the District Court erred in ruling that she failed to raise a genuine issue of material fact as to her claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

Appellant was employed by the Center for Disability Rights ("CDR"), a nonprofit organization with a focus on providing a variety of assistance to persons with disabilities. Among other activities, CDR deploys individuals to the homes of persons with illnesses or disabilities to provide needed care. These home care attendants, although employed by CDR, take direction from the persons to whom they provide care ("consumers"), or from a "self-directed other" ("SDO") in the event the consumer in question is unable to supervise the attendant. Attendants are paid on the basis of their hours worked in a given week for one or more consumers.

Appellant provided care for consumer Virginia Keuntz ("Keuntz") and was supervised by SDO Raymond Taylor ("Taylor"), who lived with Keuntz. Over a period of roughly one year,[1] Taylor allegedly made six or seven sexually explicit remarks to Appellant, typically concerning some aspect of her physical appearance. Taylor also allegedly made several comments of the same nature about Appellant to Keuntz's friend, David Raufeisen ("Raufeisen"), who in turn relayed them to Appellant. On or about September 26, 2004, a verbal altercation occurred at Keuntz's residence between Keuntz and Taylor. On the same day or shortly afterward, Taylor discharged Appellant

---

[1] The parties dispute whether Appellant provided care for Keuntz for twelve or fifteen months. The disagreement is not material for our purposes.

from her role as caregiver to Keuntz (although Appellant still remained an employee of CDR). By October 11, 2004, Appellant began to provide care for another consumer, although she worked fewer hours for this consumer than she had for Keuntz. Some two years later, in September 2006, CDR ceased carrying Appellant's name on its attendant availability list, for reasons unrelated to the instant appeal.

We review a district court's grant of summary judgment *de novo*, with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The moving party is entitled to summary judgment where "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010). We may affirm on any ground supported by the record. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

Appellant contends that she was subjected to a hostile work environment as a result of Taylor's sexually explicit comments. "In order to prevail on a hostile work environment claim, a plaintiff must make two showings: (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[,] and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer." *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009) (internal quotation marks omitted). As an initial matter, we note that the parties do not dispute that Taylor was not in the employ of CDR, and that therefore he was neither Appellant's supervisor nor her coworker for

3

purposes of Title VII liability. This Court has yet to determine whether an employer may be held liable on a hostile work environment theory on the basis of the conduct of non-employees, such as Taylor. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d Cir. 1998) ("[W]e need not decide the precise contours of the duty, *if any*, that employers owe to employees who are subjected to harassment by outsiders such as customers . . . ." (emphasis added)), *abrogated in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). We need not resolve this unanswered question to dispose of this case, however, because Appellant has failed to adduce evidence sufficient to permit a reasonable trier of fact to conclude that anyone at CDR knew of her alleged harassment but failed to respond. In order to establish liability for her hostile work environment complaint in the circumstances of this case, Appellant must show that "someone had actual or constructive knowledge of the harassment [which could be imputed to the employer]." *Duch*, 588 F.3d at 763 (emphasis omitted). Appellant alleges that she called CDR sometime in the summer of 2004 and "left a message that I would like for them to return my call, and this is dealing with . . . sexual harassment." Appellant states that she included her contact information in the message, but never received a call back and did not further pursue the complaint. Appellant also sent an e-mail immediately after her termination in which she said that after leaving the message she did receive a call back from CDR but she "never followed up." She provides no further details of the complaint allegedly made to CDR.

In light of the circumstances thus asserted by Appellant as to her sparse communications to CDR prior to her termination, and construing these facts in the light most favorable to Appellant, we conclude that no reasonable jury could decide that someone at CDR had actual or constructive knowledge of the harassment and failed to respond. *See, e.g., Murray v. New York Univ. Coll. of Dentistry*, 57 F.3d 243, 250 (2d Cir. 1995) (concluding that where there was no allegation a

4

supervisor had been informed of an "ongoing course of harassment . . . there is no reasonable basis for the inference that [the employer] had either actual or constructive notice of that ongoing harassment").

To be sure, Appellant suggests that she did not follow up with her pre-termination complaint because Taylor threatened her and Keuntz. But she does not evince evidence that CDR knew or should have known of that. And she nowhere alleges that CDR failed to provide a "reasonable avenue of complaint," which might have excused the knowledge requirement. *Duch*, 588 F.3d at 762-63.

Appellant did complain to CDR in the aftermath of her firing by Taylor on September 26, 2004, but this complaint came *after* the end of Appellant's employment with Keuntz and hence at a time when Appellant was no longer exposed to the allegedly abusive environment.

To the extent Appellant raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5